Carolyn Kubota (Bar No. 113660)
ckubota@cov.com
Mitchell A. Kamin (Bar No. 202788)
mkamin@cov.com
Mark Y. Chen (Bar No. 310450)
mychen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749

David Jolley (Bar No. 191164)
djolley@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Attorneys for Defendant
UNITED STATES OLYMPIC COMMITTEE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MCKAYLA MARONEY<br><br>Plaintiff,<br><br>vs.<br><br>MICHIGAN STATE UNIVERSITY, UNITED STATES OLYMPIC COMMITTEE, USA GYMNASTICS, LARRY NASSAR, AND DOES 1 THROUGH 500<br><br>Defendants. | Civil Case No.: 2:18-CV-3461-JLS-KES<br><br>***EX PARTE* APPLICATION OF DEFENDANT UNITED STATES OLYMPIC COMMITTEE FOR PROTECTIVE ORDER PROHIBITING PREMATURE DISCOVERY BY PLAINTIFF AND QUASHING EARLY DISCOVERY PROPOUNDED BY PLAINTIFF**<br><br>**Concurrently filed herewith:**<br>**(1) Declaration of David M. Jolley in Support of Ex Parte Application**<br><br>Compl. Filed: Dec. 20, 2017<br>Judge: Hon. Karen E. Scott<br>Courtroom: 6D |

EX PARTE APPLICATION FOR PROTECTIVE ORDER; CASE NO.: 2:18-CV-3461-JLS-KES

# NOTICE OF *EX PARTE* APPLICATION AND APPLICATION

PLEASE TAKE NOTICE THAT in accordance with Central District of California Local Rule 7-19, Defendant United States Olympic Committee ("USOC") hereby applies to the Court *ex parte* for a protective order prohibiting Plaintiff from engaging in premature discovery without first obtaining leave of Court.  In addition, USOC seeks an order quashing any early jurisdictional discovery—including deposition notices, subpoenas, and written discovery requests—already propounded by Plaintiff in this case.

This Application is based on the fact that, pursuant to Fed. R. Civ. P. 26(d)(1), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) unless authorized by the rules, by stipulation among the parties, or by prior Court order.  Such premature discovery may be prohibited by protective order pursuant to Fed. R. Civ. P. 26(c).  Here, Plaintiff has served multiple deposition notices and deposition subpoenas, along with voluminous sets of written discovery, in violation of the rules and without obtaining either the required stipulation or prior court order.

*Ex parte* relief is necessary to resolve this issue.  Between July 20 and July 26, Plaintiff's counsel noticed or subpoenaed ten depositions in this or other related cases before Judge Josephine L. Staton, the earliest of which is scheduled for August 1.[1]  Thus, USOC lacks sufficient time to obtain relief through a regularly noticed motion.  USOC has moved promptly to address these issues, giving Plaintiff's counsel detailed notice of its concerns just one day after receiving the final premature deposition notice.  USOC makes this application just one day after Plaintiff's counsel stated that it would not be withdrawing the premature discovery.

Pursuant to Local Rule 7-19.1, the undersigned counsel advises the Court that they informed Plaintiff's counsel of the substance of this *Ex Parte* Application on July 27.  In response, Plaintiff's counsel requested additional time to consider USOC's request that

---

[1] Plaintiff's counsel also served three extensive sets of written discovery on USOC on July 25.

1
EX PARTE APPLICATION FOR PROTECTIVE ORDER; CASE NO.: 2:18-CV-3461-JLS-KES

they withdraw their untimely deposition notices, subpoenas, and written discovery requests. On July 30, Plaintiff's counsel informed USOC that it refused to do so. On that same day, USOC informed Plaintiff's counsel that it would be applying for judicial relief on July 31.

This *Ex Parte* Application is based on this Notice of *Ex Parte* Application and Application and exhibits hereto, the attached Memorandum of Points and Authorities in Support of the Application, the accompanying Declaration of David M. Jolley, any additional briefing on this subject, and any such further evidence and argument as may be presented to the Court at or before any hearing on this Application.

Pursuant to Local Rule 7-19, USOC states that the names, email addresses, address, and telephone number of Plaintiff's counsel are as follows:

> John C. Manly (Bar No. 149080)
> jmanly@manlystewart.com
> Vince W. Finaldi (Bar No. 238279)
> vfinaldi@manlystewart.com
> Alex E. Cunny (Bar No. 291567)
> acunny@manlystewart.com
> MANLY, STEWART & FINALDI
> 19100 Von Karman Ave., Suite 800
> Irvine, CA  92612
> Telephone:  (949) 252-9990
> Fax:  (949) 252-9991

DATED:  July 31, 2018            COVINGTON & BURLING LLP

                                 By:   */s/ Mitchell A. Kamin*
                                       Mitchell A. Kamin


                                 Attorneys for Defendant
                                 UNITED STATES OLYMPIC COMMITTEE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this Application, USOC seeks a protective order precluding all premature discovery Plaintiff has served in violation of the timing requirements of Fed. R. Civ. P. 26(d)(1) and prohibiting any additional premature discovery absent leave of Court. Specifically, Plaintiff has served notices and subpoenas for ten individual depositions in this case (nine of which are also served in related cases) and three sets of broad written discovery requests under the guise of "jurisdictional discovery." Even in the limited circumstances in which expedited jurisdictional discovery is allowed, a plaintiff cannot initiate such discovery unilaterally but must first obtain leave of Court. Plaintiff has failed to do so here. Moreover, there is no authority to suggest that a party may jump the gun by serving early discovery and then justify the improper timing by requesting leave after the fact.

Accordingly, USOC is entitled to a protective order prohibiting Plaintiff from conducting any expedited discovery absent prior leave of Court and quashing all improper premature discovery served to date.

## II. PROCEDURAL HISTORY

On July 13, counsel for Plaintiff and USOC engaged in a meet-and-confer call in connection with USOC's anticipated motion to dismiss based on the Complaint's failure to allege facts supporting personal jurisdiction over USOC in California. *See* Declaration of David M. Jolley ("Jolley Decl.") ¶ 2. During the call, the parties discussed Plaintiff's request for expedited jurisdictional discovery in response to USOC's argument. USOC refused to stipulate to expedited jurisdictional discovery because the Complaint fails to make even a colorable showing of personal jurisdiction. *Id.* Under those circumstances, early jurisdictional discovery is improper. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). In response, Plaintiff's counsel stated they would seek leave of Court for expedited discovery after receiving USOC's motion. Jolley Decl. ¶ 2.

Between July 20-26, without first seeking or obtaining permission from the Court, Plaintiff's counsel served USOC with ten deposition notices and subpoenas in this case (nine of which have also been served in related cases). *Id.* ¶ 3 & Exs. 1-10. Plaintiff served all but one of the deposition notices or subpoenas on or after July 24. *Id.* Plaintiff also served three extensive sets of written discovery requests on July 25. *Id.* ¶ 4 & Exs. 11-13. This comprehensive discovery was described as "Jurisdictional Discovery." *Id.* ¶ 5 & Exs 1-13.

On July 27, counsel for USOC sent a detailed letter to Plaintiff's counsel asking that they withdraw their untimely discovery. *Id.* ¶ 6 & Ex. 14. Plaintiff's counsel first asked for several days to consider the request. On July 30, Plaintiff's counsel refused to withdraw their early discovery. *Id.* ¶ 6 & Ex. 15. As a result, that same day, USOC notified Plaintiff that it would be filing this Application on July 31. *Id.*

### III. ARGUMENT

#### A. Plaintiff's Discovery Violates Fed. R. Civ. P. 26(d)(1).

All of the discovery Plaintiff has served or subpoenaed was propounded in direct violation of Fed. R. Civ. P. 26(d)(1). Rule 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Pursuant to Fed. R. Civ. P. 26(c)(1), both party discovery and non-party subpoenas issued in violation of this provision must be quashed or prohibited by protective order. *Deuss v. Siso*, 2014 WL 4275715, at *4-5 (N.D. Cal. Aug. 29, 2014) (citing *Desilva v. North Shore - Long Island Jewish Health Sys., Inc.*, 2010 WL 3119629, at *1 (E.D.N.Y. Aug. 9, 2010)); *Elite Lighting v. DMF, Inc.*, 2013 WL 12142840, at *2 (C.D. Cal. May 6, 2013).

Case law is clear that the timing requirements of Rule 26(d)(1) govern early jurisdictional discovery and that, absent a stipulation among the parties, the proper vehicle for pursuing such discovery is a preliminary motion for leave to conduct

expedited discovery. *See Human Rights Watch v. Drug Enforcement Administration*, 2015 WL 13648069, at *1-2 (C.D. Cal. Jul. 10, 2015); *Twin City Fire Ins. Co. v. Spry*, 2013 WL 12116391, at *1 (C.D. Cal. Nov. 15, 2013); *Fluke Elec. Corp. v. CorDEX Instruments, Inc.*, 2013 WL 566949, at *10 (Feb. 13, 2013); *Liberty Media Holdings, LLC v. Letagin*, 2012 WL 3135671, at *2 (D. Nev. Aug. 1, 2012); *Just Film, Inc. v. Merchant Servs., Inc.*, 2010 WL 4923146, at *7 (N.D. Cal. Nov. 29, 2010).  In fact, the Ninth Circuit requires a plaintiff to file a "formal motion" seeking jurisdictional discovery.  *Autogenomics, Inc. v. Oxford Gen Tech, Ltd.*, 566 F.3d 1012, 1022 (Fed. Cir. 2009) (applying Ninth Circuit law and noting that "suggestions at oral argument and in the opposition brief were insufficient"); *see also Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 819 (9th Cir. 1995) (no abuse of discretion where district court denied discovery request related to subject-matter jurisdiction first made in opposition to a motion to dismiss).

      In their meet-and-confer communications, Plaintiffs' counsel have disputed that proposition and suggested that "jurisdictional discovery" is immune from the timing requirements of Rule 26(d)(1), citing *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Intern. Missionary Soc.*, 298 F.R.D. 633, 639 (S.D. Cal. 2014). This argument mischaracterizes *Myhre*.  There, the court explained that Rule 26(d)(1) in fact governs the timing of early jurisdictional discovery but that, in an earlier filing, the parties claimed to have reached an agreement on such discovery.  Consequently, "[t]he Court authorized the Plaintiff to proceed with discovery," without waiting until after the Rule 26(f) conference.

      Plaintiff next mistakenly seeks to rely on two additional cases.  In *Cannon v. Fortis Ins. Co.*, 2007 WL 4246000 (W.D. Okla. Nov. 29, 2007), the plaintiff sought leave to conduct early jurisdictional discovery.  The court granted permission to serve expedited discovery, finding that, under the circumstances of that case, there was no need to wait until after the Rule 26(f) conference.  *Id.* at *3.  The procedural posture of *Cannon* was

very different, in that the plaintiff in *Cannon* followed the requirements of Rule 26(d)(1) by seeking leave of court before propounding any early discovery, unlike Plaintiff here. Under Rule 26(d)(1), a party simply cannot serve expedited discovery from any source without first obtaining a stipulation or permission from the court.

*Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670 (S.D. Cal. 2001), involved a defendant's request to stay all discovery, including jurisdictional discovery, while a dispositive motion to dismiss was pending. Ultimately, the court allowed jurisdictional discovery to go forward, but stayed all other discovery until after the motion was decided. *Id.* at 672. *Orchid Biosciences* simply did not address whether parties must comply with Rule 26(d)(1) before serving early jurisdictional discovery.

Here, Plaintiff's premature discovery clearly violates Fed. R. Civ. P. 26(d)(1) because neither the federal rules, nor a stipulation of the parties, nor a court order authorized the discovery.

### B. Plaintiff May Not Belatedly Justify Its Premature Discovery by Claiming the Need for "Jurisdictional Discovery."

USOC anticipates that Plaintiff's counsel will belatedly seek to justify their so-called "jurisdictional discovery" by arguing it is necessary to oppose USOC's jurisdictional arguments in its motion to dismiss. This purported justification fails for three reasons.

First, courts routinely decline to consider the merits of a request for expedited discovery made *after* the discovery has already been propounded. *See Elite Lighting*, 2013 WL 12142840, at * 3 ("Plaintiff offers no explanation for its failure to make a proper motion or application seeking leave to propound early discovery *before* issuing the subpoenas and the Court declines retroactively to authorize their existence.").

Second, any such belated request should properly be denied. The Complaint fails to allege any facts that would establish personal jurisdiction over USOC in California—either through a showing of general jurisdiction or specific jurisdiction. *See Daimler AG*

*v. Bauman*, 571 U.S. 117, 126 (2014).  The Complaint contains no allegations that California is USOC's "home" state.  It therefore fails to allege a basis of general jurisdiction.  *See id.* at 137.  The Complaint similarly contains no allegations to that (1) USOC purposefully availed itself of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws, or (2) that Plaintiff's injuries would not have occurred but for USOC's conduct in California.  The Complaint therefore fails to allege specific jurisdiction.  *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).  Where, as here, a plaintiff has failed to make a colorable showing of personal jurisdiction, jurisdictional discovery is improper.  *See Boschetto*, 539 F.3d at 1020 (jurisdictional discovery properly denied where based on "little more than a hunch that it might yield jurisdictionally relevant facts"); *Butcher's Union Local No. 498*, 788 F.2d at 540 (jurisdictional discovery properly denied where the plaintiffs "state only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction").

   Third, it is clear from the sheer volume of discovery Plaintiff's counsel has propounded in this and the other related cases that this is an effort to engage in early merits discovery.  It strains credulity that the limited topic of jurisdiction would require ten individual depositions.  Further, some of the written requests have no discernable connection to USOC's operations in California.  For example, those requests include a demand for USOC documents concerning athlete safety policies (RFP # 36) and an interrogatory addressing whether USOC provided medical care for gymnasts at USOC events (Interrogatory # 16).  *Id.*  At a minimum, the discovery is not tailored to those issues that might be relevant to California jurisdiction.  If any early discovery were to go forward—and it should not—the Court should strictly limit the requests to jurisdictional issues (and then only after Plaintiff's counsel obtained permission from this Court).

### C. Sanctions Should Be Imposed Against Plaintiff's Counsel.

Pursuant to Fed. R. Civ. P. 26(c)(3), a court may award expenses incurred in litigating a motion for protective order in accordance with Fed. R. Civ. P. 37(a)(5), which provides that the non-prevailing party pay the prevailing parties' reasonable attorney's fees and expenses incurred in making or opposing the motion.

Moreover, pursuant to Fed. R. Civ. P. 26(g)(1), every discovery request must be signed by at least one attorney of record.  By signing, the attorney certifies, among other things, that to the best of his or her knowledge, information, and belief, the discovery request is consistent with the federal rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law.  Fed. R. Civ. P. 26(g)(1)(B)(i).  If a certification violates the foregoing rule without substantial justification, the court must impose an appropriate sanction, which may include an order to pay reasonable attorney's fees caused by the violation.  Fed. R. Civ. P. 26(g)(3).

Here, pursuant to Fed. R. Civ. P. 26(c)(3) and 26(g), USOC is entitled to reasonable expenses incurred in filing this Application, including attorney's fees, because (i) this Application is meritorious, (ii) USOC attempted to resolve the matter without court intervention, (iii) Plaintiff's position is not substantially justified, and (iv) no other circumstances make an award of expenses unjust.  Courts have routinely awarded sanctions in similar circumstances, where a defendant has applied for a protective order to quash premature discovery.  *See Elite Lighting*, 2014 WL 12142840, at *4 (imposing sanctions); *Deuss*, 2014 WL 4275715, at *8 (imposing sanctions).  The total amount of attorney's fees expended in connection with each of the Applications in each of the related cases associated with Plaintiff's premature discovery is estimated at $6920.00 (Jolley Decl. ¶ 7).  The precise amount will be determined and reported in a supplemental filing and such amount should be awarded to USOC as sanctions against Plaintiff's counsel.

## IV. CONCLUSION

For the reasons stated herein, USOC respectfully requests that this Court issue a protective order prohibiting Plaintiff from conducting early jurisdictional discovery without first obtaining leave of Court and quashing any early jurisdictional discovery already propounded by Plaintiff.

Respectfully submitted,

DATED: July 31, 2018

COVINGTON & BURLING LLP

By: */s/ Mitchell A. Kamin*
Mitchell A. Kamin

Attorneys for Defendant
United States Olympic Committee