JOHN C. MANLY, Esq. (State Bar No. 149080)
VINCE W. FINALDI, Esq. (State Bar No. 238279)
ALEX E. CUNNY (State Bar No. 291567)
JANE E. REILLEY (State Bar No. 314766)
**MANLY, STEWART & FINALDI**
19100 Von Karman Ave., Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990
Fax: (949) 252-9991

Attorneys for Plaintiff, MCKAYLA MARONEY

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

MCKAYLA MARONEY, an individual.

Plaintiff,

v.

MICHIGAN STATE UNIVERSITY, a Michigan Entity of Form Unknown; and UNITED STATES OLYMPIC COMMITTEE, a Business Entity of form unknown; USA GYMNASTICS, an Indiana Business Entity of Form Unknown; LARRY NASSAR, an individual and DOES 1 through 500.

Defendants.

Civil Case No. 2:18:cv-03461-JLS-KESx

[The Honorable Josephine L Staton]

**NOTICE OF PLAINTIFF MCKAYLA MARONEY'S OPPOSITION TO DEFENDANT UNITED STATES OLYMPIC COMMITTEE'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER PROHIBITING PREMATURE DISCOVERY BY PLAINTIFF AND QUASHING EARLY DISCOVERY PROPOUNDED BY PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES**

Complaint filed: December 20, 2017
Judge: Honorable Karen E. Scott
Courtroom: 6D

///

///

///

///

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the Plaintiff MCKAYLA MARONEY ("Plaintiff") hereby files the instant Opposition to Defendant United States Olympic Committee's ("USOC") *Ex Parte* Application for Protective Order Prohibiting Premature Discovery by Plaintiff and Quashing Early Discovery Propounded by Plaintiff. The instant Opposition is based upon the following facts and legal argument, evidencing why this *Ex Parte* Application should be denied outright, and *in toto*:

1. Contrary to USOC's position, when discovery is needed to resolve a preliminary, jurisdictional question, discovery can be taken prior to the setting of a *Federal Rule of Civil Procedure* 26(f) Conference. *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc.* (S.D. Cal. 2014) 298 F.R.D. 633, 639(*citing Cannon v. Fortis Ins. Co.*, No. CIV–07–1145–F, 2007 WL 4246000, at *3, 2007 U.S. Dist. LEXIS 87880, at *8 (W.D.Okla. Nov. 29, 2007). As seen here, *just as in Orchid Biosciences, Inc. v. St. Louis University* (S.D. Cal. 2001) 198 F.R.D. 670, 672, discovery is permitted to be served without leave of court, to defend against attempts at dispositive jurisdictional motions;
2. The discovery propounded is intended solely to obtain jurisdictional discovery, in defending against claims that USOC, a federally chartered organization having one of its Olympic Training Centers in the State of California for over 20 years, has no personal jurisdiction in California, either as to specific or general jurisdiction. Clearly, this is a "colorable" basis to seek jurisdictional discovery.
3. Notwithstanding the impropriety of the sanctions request by USOC's counsel, on its merits, the instant Request fails procedurally and under the Due Process Clause, as they seek imposition of sanctions on an *ex parte*

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

basis, where "[a]n ex parte application is usually considered on the papers only." *See* Honorable Karen E. Scott, Judge's Procedures, #5. Moreover, having served its request for such sanctions, only approximately a day and a half prior to its due date of noon on August 2, 2018, this can hardly be seen as comporting with Constitutional Due Process. *See Satcorp Intern. Group v. China Nat. Silk Import & Export Corp.* (2d Cir. 1996) 101 F.3d 3, 6("At the least, 'due process requires ... that the delinquent party be provided with notice of the possibility that sanctions will be imposed and with an opportunity to present evidence or arguments against their imposition.'") Moreover, USOC buries this sanction request on the 6th page of a 7-page Memorandum of Points and Authorities, which is not contained in the Notice of the *Ex Parte* Application, as required by Local Rule.

4. The instant Application should not be heard on an *ex parte* basis, as it seeks widespread, substantive relief, and the Court's own rules dictate that: **"[d]iscovery disputes should generally not be brought to the Court's attention in an ex parte application."** Honorable Karen E. Scott, Judge's Procedures, #5[emphasis added]. This is buttressed by Local Rule 37-3, which provides, "[u]nless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." This is an important issue, on matters that directly affect a dispositive motion, that should be set for a regular briefing schedule. Mr. Jolley's declaration does nothing to specify or articulate the irreparable harm or prejudice he seeks to alleviate;

5. Irrespective of the grave Constitutional Due Process concerns for imposing monetary sanctions against Plaintiff, (also, a victim of

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

childhood sexual abuse), the request for monetary sanctions is meritless, as the Plaintiff has clearly articulated why the jurisdictional discover is proper, why the necessity of serving discovery before a Rule 26(f) Conference was necessary, and the law (which is un-contradicted by USOC with any other authority) which supports propounding jurisdictional discovery before such a Rule 26(f) Conference.

This Opposition is grounded in this notice, the attached Memorandum of Points and Authorities, the Declaration of Alex E. Cunny and exhibits attached thereto, the records and files in this action, and upon such further evidence and argument as may be presented prior to or at the time of hearing on the Application.

Dated: August 2, 2018

**MANLY, STEWART & FINALDI**

By: ______________________
ALEX E. CUNNY, Esq.
Attorneys for Plaintiff,
MCKAYLA MARONEY

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant United States Olympic Committee ("USOC") seeks to prohibit the Plaintiff from defending against dispositive jurisdictional challenges and ultimately, to get her case dismissed without affording her any opportunity for jurisdictional discovery. In denying any the existence of any basis for personal jurisdictional in California, USOC, a federally chartered organization with an Olympic Training Center in Chula Vista, California and having held numerous events throughout the years in California, disclaims that there was either personal or specific jurisdiction. USOC even goes so far as stating that any claims of such are not even "colorable." This analysis of jurisdictional discovery is untenably narrow, a distortion of the operative facts in the case, and ultimately, based on ill-founded grounds; all done in order to prevent USOC from having to have its agents and employees sit for truncated depositions and produce documents, evidencing their contacts with California. Moreover, in attempting to dodge the clear authority allowing a party to unilaterally serve discovery with impending jurisdictional motions, USOC offers no authority contradicting these cases. While USOC attempts to claim, in the alternative, that even if jurisdictional discovery is sought, it is overbroad, this alternate scenario was never discussed in meet-and-confer attempts, and is simply a fallback position for USOC based on pure speculation. USOC characterizes Plaintiff's discovery as "premature" which underscores the Plaintiff's position; USOC is simply refusing to submit to discovery because it doesn't want the Plaintiff to have access to the critical information that is necessary to oppose USOC's Motion to Dismiss.

In ending its Application, USOC buries a request for monetary sanctions, pursuant to Rule 37, on the second to last page, in an attempt to lure the Court into sanctioning the Plaintiff, *ex parte*, without a hearing and with only approximately a day and a half to draft a response. Notwithstanding the Due Process violation, the

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

sanctions request is also infirm on its merits, as the discovery sought is relevant to the jurisdictional inquiry. Plaintiff respectfully requests that the Court deny this *Ex Parte* Application, deny the request for sanctions, and permit jurisdictional discovery to proceed.

## A. FACTUAL BACKGROUND

The Plaintiff is a victim of childhood sexual abuse suffered by Defendant Larry Nassar ("Nassar"), who was alleged to have been an employee and agent of numerous named defendants, including USOC. *See* Complaint, ¶¶1,8-18,30, attached as Exhibit "A" to Declaration of Alex E. Cunny ("DAC"). The Plaintiff, as a world-class gymnast and an Olympic Gold Medalist, was repeatedly sexually assaulted and abused by her team doctor, under the guise of legitimate medical treatment. *Id.* at ¶1. The Plaintiff came forward after Nassar's abuse was publicly unmasked in September of 2016 and disclosed that she had been the victim of Nassar's repeated sexual molestations and abuse. *Id.* at ¶1.

USOC is a federally-charted organization that exists under the Ted Stevens Amateur Sports Act. *See* 36 U.S.C. §§220501, *et seq.* From approximately 1995 through 2017, USOC is believed to have owned and operated one of three Olympic training centers in the nation, in Chula Vista, California (just outside of San Diego); it is believed that ownership changed in 2017, though the facility is still utilized as an Olympic Training facility. *See* Website Printout of Chula Vista Elite Athlete Training Center, attached as Exhibit "B" to DAC. In having this training center located in California during the duration of most, if not all of the Plaintiff's abuse (and the abuse of those in the Included Actions), USOC similarly has partnered with the StubHub Center in Carson, California, which is the "home track" to "an Official U.S. Olympic Training Site." VELO Sports Center Website, attached as Exhibit "C" to DAC. Moreover, USOC's own website advertises the availability of employment in, specifically, California, and represents that it has over 375 employees "from California to Colorado to New York…" TeamUSA.org, "Careers"

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Tab, attached as Exhibit "D" to DAC. As such, this alone justifies a "colorable" claim to conduct jurisdictional discovery on "general jurisdiction".

USOC has hosted countless events in California, including Olympics (1984, and coming in 2028), Olympic Trials for various sports, including Gymnastics (2012, 2016) and numerous other events. As alleged, abuse occurred at events where USOC was supposed to be supervising, protecting, and preventing the occurrence of sexual abuse, including abuse by Nassar. Understanding the involvement of USOC's agents in controlling these events, controlling these employees/agents, and conducting business activities within California, is all relevant to the "specific jurisdiction" analysis, for which Plaintiff has no other means to obtain discovery. Indeed, as seen *infra*, despite jurisdictional discovery having proceeded in *Jane JD Doe* and *Jane LM Doe* already, none of it was directed at USOC's contacts with California.

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

## B. PROCEDURAL BACKGROUND TO THIS APPLICATION

On April 25, 2018, USOC filed a Notice of Removal of this Action. *See* Notice of Removal, attached as Exhibit "E" to DAC. Subsequently, USOC filed a Motion to Dismiss on Friday, July 20, 2018, claiming that there was no personal jurisdiction as to USOC in California, either "specific" or "general." *See generally* Motion to Dismiss, USOC.[1] As initially filed, the hearing date on this matter was set for September 14, 2018, making the Plaintiff's Opposition due on August 24, 2018. Understanding the limited time available to oppose these Motions, and gather evidence necessary for such, Plaintiff's counsel quickly served sets of written discovery, the following Wednesday, July 25, 2018, for Interrogatories, Requests for Admissions, and for Request for Production of Documents, to USOC. *See* Ex

[1] Defendant USOC filed very similar motions in the matters of *Jane PCNE Doe*, *Jane JD Doe*, *Aly Raisman*, *Jane LM Doe*, and *Jordyn Wieber*, which all address the same general issues of Personal Jurisdiction and substantive challenges to the Complaint. Prior to filing the Motions to Dismiss in those actions, the parties met-and-conferred on those cases largely collectively, as they did involve the same, or very similar, issues.

Parte Application, Decl. of Jolley, ¶4, Exs. "10-12". Moreover, Plaintiffs cross-noticed the depositions that were set in the Coordinated Proceeding (discussed below), such that repetitive depositions need not be conducted in these actions which share common witnesses, facts, and issues. Discovery in the *Jane AJ Doe* matter is proceeding in the Coordinated Action and in an effort to not have to re-depose the same individuals in the removed Federal Actions, Plaintiff's counsel cross-noticed those depositions. DAC, ¶3. Finally, on July 25, 2018, Plaintiff's counsel requested USOC provide depositions of ten (10) individuals at the organization, for all of the Included Actions, to be taken on jurisdictional matters. *See* E-mail Correspondence Between Mr. Jolley and Mr. Finaldi, attached as Exhibit "F" to DAC.

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Upon receiving the Motion to Dismiss from USOC, Plaintiff had a little over a month to obtain the discovery necessary to defend against this Motion, thus, it was imperative such discovery be served immediately. This was explained in the meet-and-confer between Mr. Jolley and Mr. Finaldi. *See* E-mail Correspondence Between Mr. Jolley and Mr. Finaldi, Ex. "F". At no point did Mr. Jolley attempt to meet-and-confer about limiting the scope of discovery. *Id.* The only meet-and-confer that occurred was a unilateral demand that all discovery be halted.

**1. History of Jurisdictional Discovery in the Included Actions.**

Prior to this case being removed, it was proceeding in the Superior Court of California, in and for the County of Los Angeles though was not in the "Coordination" Proceeding under *California Code of Civil Procedure* §404, *et seq.* in the department of the Honorable Judge Randal Sherman. DAC, ¶4. As it stands in that matter, discovery was ordered to proceed on jurisdictional issues that have been raised by Defendants in that action (though Defendant USA Gymnastics ("USAG") in that action has subsequently withdrawn its jurisdictional challenge). DAC, ¶5.

///

of California. DAC, ¶6. Once the Coordinated Proceeding was established, jurisdictional discovery was halted in the *Jane JD Doe* and *Jane LM Doe* matters, as well as all other "Included Actions."[2] *Id.* Despite discovery having proceeded in those actions, no discovery was ever conducted as to USOC's contacts with California, as they were not joined and served as a defendant, until later on. In fact, the Plaintiff's counsel previously agreed with USOC's former counsel, Mr. Brent Rychener of Bryan Cave, to have two (2) individuals produced from USOC, for their depositions, as it pertained to the jurisdictional issues in the Coordinated Action, **prior to USOC being named as a defendant.** DAC, ¶7.

Nevertheless, despite having two (2) courts already permit jurisdictional as to other defendants and discovery actually proceeding on those jurisdictional issues, USOC has refused to allow any discovery and seeks to hurry the Motion to Dismiss to hearing. Given the clear import of this case, and the consequences for the Plaintiff in the result of this Motion to Dismiss, discovery is necessary to ferret out these factual issues as to jurisdiction.

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**2. Submission of USAG To Personal Jurisdiction and Other Pending Jurisdictional Challenges.**

Approximately a day after requesting the depositions of USOC employees (or former employees/agents), USAG submitted to personal jurisdiction inv arious related matters. Nevertheless, several jurisdictional challenges remained in this Action, including from USOC, DOES 7, 8, and 9 in the *Jane AJ Doe* and *Jane LM Doe* Actions, Steve Penny in the *Jane LM Doe* Action, and, of course, USOC in

---

[2] The "Included Actions", at the time the Petition for Coordination was made, refers to the following six (6) actions that were pending: Jane JD Doe (Sacramento County, Case No. 34-2016-00200075); Tiffany Thomas Lopez (Los Angeles County, Case No. BC644417); Jane AJ Doe (Orange County, Case No. 30-2017-00899357-CU-PO-CJC); Jane PNCE Doe and John PCNM Doe (Los Angeles County, Case No. BC667053); Jane HC Doe (Orange County, Case No. 30-2017-00926883-CU-PO-CJC), and Jane LM Doe (Los Angeles, Case No. BC638724). Collectively, these actions shall be referred to as the "Included Actions." The action of *McKayla Maroney*, *Aly Raisman*, and *Jordyn Wieber* were going to have "Add-On" Motions filed for the Coordination, but were removed prior to that being accomplished.

this and several other actions. As such, numerous defendants in separate, similar actions, continue to seek dismissal of this matter, as to personal jurisdiction. Thus, the discovery sought is not all directly relevant to USOC's jurisdictional inquiry, but is relevant to other jurisdictional inquiries for other defendants.

### C. SERVICE OF THIS *EX PARTE* APPLICATION.

On July 31, 2018 at 7:47 p.m., USOC served its *Ex Parte* Application *via* electronic service on Plaintiff's counsel. *See* E-mail Notification of *Ex Parte* Service, attached as Exhibit "G" to DAC. In light of the timing of the service of this *Ex Parte* Applicable, Plaintiff's counsel had until 12:00 p.m. on August 2, 2018, in order to draft, file and prepare this Opposition. *See* Honorable Karen E. Scott, Judge's Procedures, #5. In total, this afforded approximately a day and a half to oppose the Application.

## II. ARGUMENT

### A. JURISDICTIONAL DISCOVERY IS PERMITTED TO BE SERVED PRIOR TO A RULE 26(f) CONFERENCE, GIVEN THE PENDING DISPOSITIVE MOTION AND THE EXTREME TIME CONSTRAINTS FOR OBTAINING SUCH INFORMATION.

Generally speaking, discovery in a Federal matter can only proceed once a Federal Rule of Civil Procedure 26(f) scheduling conference has occurred, or by order or stipulation. *See FRCP* 26(d)(1)(" A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.") While this is the general rule pertaining to merits-based discovery, as evidenced by the nature of the Rule 26(f) conference ("[i]n conferring, the parties must consider the **nature and basis of their claims and defenses** and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan."), Courts have recognized situations where jurisdictional

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

challenges have been raised, prior to the contemplation of such a Rule 26(f) conference.

In *Orchid Biosciences, Inc. v. St. Louis University* (S.D. Cal. 2001) 198 F.R.D. 670, the court held that when a party propounded discovery, right after a Motion to Dismiss for Lack of Personal Jurisdiction was filed, that the discovery could proceed. In *Orchid*, the Court recites its procedural history succinctly, as it relates to the instant issues:

> "On September 13, 2000, Defendant filed a motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Missouri. .... This motion is presently scheduled to be heard by the Honorable M. James Lorenz, United States District Judge, on January 16, 2001.
>
> ...
>
> On or about October 2, 2000, Plaintiff served Defendant with a request for production of documents, and a notice of taking deposition of Defendant through its designated personnel. Defendant filed the instant motion seeking an order from this Court protecting or limiting the responses it must provide to Plaintiff's discovery requests."
>
> *Orchid Biosciences, Inc.* (S.D. Cal. 2001) 198 F.R.D. at 672.

In *Orchid*, the procedural posture was set **identically** to the instant matter, wherein a Motion to Dismiss for Lack of Personal Jurisdiction was filed, and the party defending the Motion served discovery almost immediately thereafter (approximately two and a half weeks after service of the Motion). *Id.* at 671-72. In *Orchid*, the hearing was set a little over three (3) months after the Motion was filed. *Id.* Seemingly, despite having had no Rule 26(f) Conference (as none was mentioned in the opinion), the Court went straight into whether there was a "colorable basis" for jurisdictional discovery to be conducted. *Id.* at 673.

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Ultimately, the Court found that the, "[t]o defeat the discovery sought here, Defendant must meet the relatively high burden of establishing that 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.'" *Id.* at 674(*citing Wells Fargo & Co. v. Wells Fargo Exp. Co.* (9th Cir. 1977) 556 F.2d 406, 430). Irrespective of the merits of the colorable showing in *Orchid*, the Court clearly permitted the unilaterally served discovery to proceed, over objection, as it pertained directly to the jurisdictional inquiry.

This sentiment has been reiterated. In *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc.* (S.D. Cal. 2014) 298 F.R.D. 633, the plaintiff brought an action against his former employer, a church, for various causes of action including breach of contract, conversion, civil conspiracy, and other causes of action. *Id.* at 635. In doing so, the defendant brought a motion to dismiss, under Rule 12(b)(1)-lack of subject matter jurisdiction, stating that there was no diversity jurisdiction. *Id.* 636-37. The plaintiff added five defendants to the complaint. *Id.* In moving to compel discovery, after propounding discovery on each of the now-seven (7) defendants, the plaintiff acknowledged that it had only conducted a Rule 26(f) with the "…original two defendants…" *Id.* at 639. Nevertheless, the Court held that, "[t]hese facts will not excuse the Defendants from responding to discovery." *Id.* at 639. The Court held that, "[f]irst, there is authority that '[n]o Rule 26(f) [conference], discovery plan or status conference is required in order to conduct discovery for the jurisdictional inquiry.' [citation omitted] Second, a separate provision, Rule 26(d)(1), governs the commencement of discovery. 'A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order.' *Id.* The court then stated that the parties had already agreed to a discovery schedule, giving the party seeking discovery to have "sufficient discovery to prepare his opposition." The Court ultimately found that, "Defendants' contention that jurisdictional discovery is

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

precluded because a Rule 26(f) conference has not taken place with new Defendants is not well taken." *Id.*

Finally, in *Cannon v. Fortis Ins. Co.* (W.D. Okla., Nov. 29, 2007, No. CIV-07-1145-F) 2007 WL 4246000, at *2, a plaintiff filed a motion to remand, based on an amended petition that alleged a different basis of his negligence claims. The defendant claimed that this was the product of fraudulent joinder, such that the defendant had a right to take jurisdictional discovery, prior to opposing the Motion to Remand. *Id.* at *2. In opposing this request for discovery, the plaintiff claimed that since no Rule 26(f) conference had occurred, no discovery could proceed on these jurisdictional issues. *Id.* ("[plaintiff] contends that Time's request would require a Fed.R.Civ.P. 26(f) conference…") In response, defendant stated that, "[i]t is not seeking to conduct discovery on the merits of all of plaintiff's claims." *Id.* The Court held that:"…**No Rule 26(f), discovery plan or status conference is required in order to conduct discovery for the jurisdictional inquiry.** *Id.* at *3[emphasis added].

USOC has confronted the issue of personal jurisdiction, and seeks dismissal of the Plaintiff's claims, on the basis that there is no "specific" or "general" jurisdiction in California. *See generally* Motion to Dismiss. In attempting to get around the holdings of *Orchid*, *Myhre*, and *Cannon*, USOC fails to provide any authority that disputes the right of a party to conduct jurisdictional discovery (whether it be for fraudulent joinder, or lack of personal jurisdiction.) All of these cases hold that a jurisdictional inquiry is treated differently than a merits-based inquiry into discovery, especially considering that the plain language of Rule 26(f) has the parties discussing the *merits* of their respective cases (defenses and claims). "In granting discovery, the trial court is vested with broad discretion and will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Data Disc, Inc. v. Systems Technology Associates, Inc.* (9th Cir. 1977) 557 F.2d 1280, 1285. USOC's

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

proposition that a Rule 26(f) must occur prior to any discovery (for jurisdictional discovery) is simply unfounded by the case law, as there are situations where such is permitted. This is one of them:

**1. The Plaintiff Only Seeks Jurisdictional Discovery, Not Merits-Based Discovery.**

USOC's Application is filled with speculation as to the nature of discovery that has been sought, and the scope of such. USOC is quick to attempt to distill the intent of Plaintiffs' counsel, in effectively impugning this discovery as a rouse to get merits-based discovery. *Ex Parte* Application, p.5:15-35. The assertion is as baseless as it is unfounded. At the threshold, USOC never sought to meet-and-confer to limit the extent of the requested discovery, nor sought the basis for why each deposition was necessary. *See* E-mail Between Mr. Jolley and Mr. Finaldi, Ex. "F". Instead, USOC sought a blanket withdrawal of all discovery. *Id.* USOC's "all or nothing" approach both violates the propriety of any alternative limited order it seeks for discovery (pursuant to Local Rule 7-3), but more importantly, ignores all of the reasons that the discovery is, in fact, warranted:

First, the discovery sought by Plaintiffs' counsel is not exclusively directed at USOC. There are numerous defendants in the Included Actions that challenge personal jurisdiction (though USAG has recently rescinded this challenge). *See supra* Section I(B)(2). The reason "cross-notices" were filed in the Federal Actions was to ensure that all parties had notice of these depositions that were proceeding in the Superior Court matter (for which jurisdictional discovery was ordered to proceed), such that those could be used in the Federal Actions against the various pending challenges to jurisdiction. Just because the deposition was noticed, does not mean it only pertains to USOC's. Indeed, the broad brush that USOC paints with does not come close to explaining the relevance of each witness, as to each issue, as to each challenging defendant.

///

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Secondly, the depositions sought relate to varying timeframes, for the varying Plaintiffs' abuse by Nassar. The Plaintiff's abuse occurred at a different time than most of the other Plaintiffs, so that changes the analysis as to her personal jurisdiction inquiry. Some of the Plaintiffs were abused well into the 2010's, while others were abused before 2000. Again, that is going to affect the analysis. The reason these matters were consolidated in a single courtroom, *via* the Coordination, was to consolidate discovery matters, focus issues, and limit successive discovery. Moreover, USOC's minimum contacts with California involve a substantial amount of information from numerous individuals who had contacts with California, who directed the operations of USOC in California, and who can attest to the intra- and interstate business that USOC conducted in the California. USOC seeks blanket relief, on complex issues of fact raised by that Motion to Dismiss, without affording Plaintiff opportunity to rebut those assertions. For these reasons, both California Courts permitted jurisdictional discovery.

Thus, Plaintiff has noticed the depositions and sought discovery that pertain to USOC's contacts in California, not merits-based discovery.

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**B. JURISDICTIONAL DISCOVERY IS WARRANTED BECAUSE USOC IS CHALLENGING SPECIFIC AND GENERAL JURISDICTION.**

The Supreme Court has stated that where issues arise as to personal jurisdiction, "discovery is available to ascertain the facts bearing on such issues." See *Oppenheimer Fund, Inc. v. Sanders* (1978) 437 U.S. 340, 351 n.13. Where a defendant files a motion to dismiss on jurisdictional grounds, the court may continue the hearing to permit discovery which speaks to issues of specific or general jurisdiction, including facts related to a defendant's "contacts" with the forum state. See *Orchid Biosciences, Inc. v. St. Louis Univ.* (SD CA 2001) 198 FRD 670, 672-673; *Repwest Ins.Co. v. Praetorian Ins. Co.* (D AZ 2012) 890 F.Supp.2d 1168, 1184. To allow such discovery here, Plaintiff need only make a "colorable or *prima facie* showing of personal jurisdiction." *Central States,*

*Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.* (7th Cir. 2000) 230 F3d 934, 946; *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic* (2nd Cir. 2009) 582 F3d 393, 401. It is not necessary for the Plaintiff to prove personal jurisdiction in order to justify jurisdictional discovery. Moreover, Plaintiff even has the right to conduct personal jurisdictional discovery to fill in any gaps of allegations in the complaint, or to address Defendant's supporting declaration. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.* (9th Cir. 2003) 328 F.3d 1122, 1135; *Data Disc, Inc. v. Systems Technology Assoc., Inc.*, (9th Cir. 1977) 557 F.2d 1280, 1285 & n.1, 1289 & n.6.

Defendant, here, will undoubtedly counter that when an opposing party merely offers "speculation or conclusory assertions about contacts with a forum state," the court may deny the discovery request. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.* (4th Cir. 2003) 334 F3d 390, 402-403; *Pebble Beach Co. v. Caddy* (9th Cir. 2006) 453 F3d 1151, 1160. They will also counter that discovery would be "futile" because a lack of personal jurisdiction can be determined, at this time, as a matter of law. *Id.*; *Martinez v. Aero Caribbean* (9th Cir. 2014) 764 F3d 1062, 1071. However, the courts are actually split on whether, here, Plaintiff must establish a *prima facie* case of jurisdiction before being entitled to discovery on such. *j2 Global Communications, Inc. v. Vitelity Communications, LLC* (C.D. Cal. 2012) 2012 WL 1229851, *3-*4 ('This "colorable" showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with "some evidence" tending to establish personal jurisdiction over the defendant.'); *Walk Haydel & Assocs., Inc. v. Coastal Power Production Co.* (5th Cir. 2008) 517 F3d 235, 242—prima facie showing not required; *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG* (8th Cir. 2011) 646 F3d 589, 598 (same); but see *Medical Solutions, Inc. v. C Change Surgical LLC* (Fed. Cir. 2008) 541 F3d 1136, 1142 (contra) (prima facie showing of jurisdiction required before jurisdictional discovery allowed); *Ellis v. Fortune Seas,*

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

*Ltd.* (SD IN 1997) 175 FRD 308, 312 (same). Either way, ruling on the issue lies within the sound discretion of the Court, and here, the facts lay in favor of allowing jurisdictional discovery as to Defendant. Plaintiff most certainly meets the burden of a "colorable" or "*prima facie* showing of personal jurisdiction against Defendant—if not under general jurisdiction, most certainly under specific jurisdiction.

But for the availability of jurisdictional discovery, Defendant could easily defeat Plaintiff's claim for jurisdiction with their declaration, regardless of whether the statements therein are actually true, correct, complete or non-misleading. See *The Rutter Group, California Practice Guide: Federal Civil Procedure Before Trial*, Chapter 9, D., Motions to Dismiss (Rule 12(b)), [9:111]. This right should be self-evident where, as here, the discovery is directed to defendant's activities and thus requests information within defendant's control. See, e.g., *Geoffrey, Toys "R" Us, Inc. v. Step Two, S.A.* (3d Cir. 2003) 318 F.3d 446, 455-58 (reversal of dismissal on personal jurisdiction on the grounds that court improperly denied plaintiff's right to conduct jurisdictional discovery against defendant on intent and activities under "effects" test and Rule 4(k)(2).).

Here, Defendant has transacted substantial business in California for many, many years. One of only three national training centers owned and operated by Defendant is a 150-acre campus located in Chula Vista, California, and has been since 1995. Website Printout of Chula Vista Elite Athlete Training Center, Ex. "B". Also, Defendant maintains a training site in Carson, CA, for its cycling program, and holds training, competitions, and classes there. VELO Sports Center Website, Ex. "C". USOC's own website advertises the availability of employment in, specifically, California, and represents that it has over 375 employees "from California to Colorado to New York…" Defendant may argue that evidence obtained from its website is inadmissible and only supports Plaintiff's "hunch" and speculation as to jurisdiction, which do not carry the day when it comes to

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

justifying discovery. However, in *Nuance Communications, Inc. v. Abbyy Software House*, (Fed. Cir. 2010) 626 F.3d 1222, 1236, r. 2010, the appellate court held the trial court erred in dismissing a matter on personal jurisdiction grounds without allowing jurisdictional discovery, stating "Nuance's request for jurisdictional discovery is not 'based on a mere hunch.' Rather, the request is supported by, inter alia, Abbyy Software's website and the Trade Secret Magazine article, which suggest that Abbyy Software controls the actions of its subsidiaries. Although the proffered documents may be insufficient in themselves to establish a prima face case, this incomplete record nevertheless supports the need for additional discovery to determine the merits of personal jurisdiction over Abbyy Software." See also *Patent Rights Protection Group, LLC v. Video Gaming Technologies, Inc.*, (Fed. Cir. 2010) 603 F.3d 1364, 1372 (court erred in denying jurisdictional discovery where the plaintiff presented a declaration showing acts in forum while attending trade shows, stating "Patent Rights' request for jurisdictional discovery is not based on a mere hunch; rather, the request is supported [by a declaration stating facts regarding the trade show and although the defendants] each take issue with [the] declaration, neither company denies attending this trade show and exhibiting gaming products while there."

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**C. <u>THE REQUEST FOR SANCTIONS IS INFIRM FOR SEVERAL REASONS.</u>**

In the depths of USOC's Application lies a request for sanctions in the *estimated* amount of $6,920.00 against Plaintiff and/or her counsel.[3] The apologetic request made by USOC suffers from numerous infirmities, including failing to comport with Due Process. Most importantly, is that sanctions are simply not warranted against Plaintiff or her counsel on the merits:

///

[3] It is unclear who this request is against, as at one point, it seeks sanctions against "Plaintiff's counsel" (<u>Ex Parte</u>, 6:1), but at another, seeks sanctions for the conduct of the Plaintiff ("…Plaintiff's position is not substantially justified…"; *Id.* at 6:18.)

**1. <u>The Request For Monetary Sanctions Fails for Due Process Reasons.</u>**

USOC seeks sanctions from the Plaintiff on an *ex parte*, despite the fact that the Judge's Procedures state, "[a]n ex parte application is usually considered on the papers only." *See* <u>Honorable Karen E. Scott</u>, Judge's Procedures, #5. The discovery sanctions sought under Rule 37 are in a "discovery motion" for which the Court's own rules discourage filing as an *ex parte* Application. <u>Honorable Karen E. Scott</u>, Judge's Procedures, #5("[d]iscovery disputes should generally not be brought to the Court's attention in an ex parte application.")

Under Due Process, a party is afforded notice and a hearing when their rights are to be impaired. *Boddie v. Connecticut* (1971) 401 U.S. 371, 377("Prior cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard.") "But when notice is a person's due, process which is a mere gesture is not due process." *Mullane v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 315. Specifically as to sanctions, "[a]t the least, 'due process requires ... that the delinquent party be provided with notice of the possibility that sanctions will be imposed and with an opportunity to present evidence or arguments against their imposition.'" *Satcorp Intern. Group v. China Nat. Silk Import & Export Corp.* (2d Cir. 1996) 101 F.3d 3, 6; *see also Alliance Bank v. Murray* (1984) 161 Cal. App. 3d 1, 6.

USOC's sanctions request violates the Local Rules of the Central District which require that, "the notice of motion **<u>shall contain a concise statement of the relief or Court action the movant seeks</u>**." *Central District of California*, Local Rule 7-4[emphasis added]. Monetary sanctions are relief, and after examination of the Notice of *Ex Parte* Application, there is no indication that such relief is sought or as to whom such sanctions are sought. While the intent of USOC may have been to "slip in" this request at the end of their Application, such that the Court would

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

grant as an afterthought, or as part and parcel of its bluster to Plaintiff and her counsel to promise "fire and brimstone" to a young woman who had the audacity to stand up against this organization, it's request is rendered irrelevant its constitutional infirmities. In seeking money from the Plaintiff or her counsel, USOC should be more acutely aware of the procedural requirements for such.[4] This sanctions request does not satisfy Due Process.

**2. The Request for Monetary Sanctions Fails For Several Reasons.**

Notwithstanding the procedural infirmities of the sanctions request, the Application should be denied *in toto*, and sanctions should not be imposed. *See FRCP* 37(a)(5)(B)("If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.") Based on the authorities setout as to the substance of this Opposition, and evidence produced in support thereof, the Application should be denied on its merits and no sanctions should be imposed. Indeed, the reason no counter-request has been made, is in light of severe Due Process concerns of such on an *ex parte*.

Even if the Application is granted, sanctions would not be warranted, as the Plaintiff and her counsel have acted with substantial justification in attempting to obtain discovery relevant to the jurisdictional Motions. *See* DAC, ¶¶3-7; *Cannon* (W.D. Okla., Nov. 29, 2007, No. CIV-07-1145-F) 2007 WL 4246000, at *2; *Orchid Biosciences, Inc.* (S.D. Cal. 2001) 198 F.R.D. 670; *Myhre* (S.D. Cal. 2014) 298 F.R.D. 633. Even if the Court granted the Application, sanctions would not be

///

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

---

[4] Though rendered irrelevant *via* the Due Process Clauses of the Federal Constitution, the amount of time necessary to draft the seven (7) page Application, by an attorney who proclaims to charge over $800 per hour, seems excessive, as Plaintiff's counsel drafted the instant, more thorough motion, in less than the 8 hours attested to by Defendant USOC's counsel.

warranted given the Plaintiff reasonably relied on these cases, and had exigent circumstances for serving discovery, in light of the numerous pending motions.

## III. CONCLUSION

The Plaintiff respectfully requests that the Court deny the Application, as it fails to provide an adequate basis as to deny jurisdictional discovery. Moreover, the sanctions request is procedurally and substantively infirm, and should be denied.

Dated: August 2, 2018

**MANLY, STEWART & FINALDI**

By: ______________________________
ALEX E. CUNNY, Esq.
Attorneys for Plaintiff,
MCKAYLA MARONEY

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

17
PLAINTIFF MCKAYLA MARONEY'S OPPOSITION TO DEFENDANT USOC'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER