## MINIMUM STANDARDS FOR ATHLETE SAFETY AT U.S. OLYMPIC AND/OR PARALYMPIC TRAINING SITES

The United States Olympic Committee requires that the Local Operator for each U.S. Olympic and/or Paralympic Training Site adopt an athlete safety program that includes, at a minimum, the following components:

1. Prohibited Conduct

   A policy which prohibits and defines the following misconduct:

   - Bullying

   - Hazing

   - Harassment (including sexual harassment)

   - Emotional Misconduct

   - Physical Misconduct

   - Sexual Misconduct (including child sexual abuse)

   The policy shall apply to (1) Training Site employees; and (2) individuals the Training Site formally authorizes, approves or appoints (a) to a position of authority over, or (b) to have frequent contact with, athletes.

   **Comment(s):**

   (a) Prohibited misconduct shall include, without limitation:

   Romantic or sexual relationships, which began during the sport relationship, between athletes or other participants and those individuals (i) with direct supervisory or evaluative control, or (ii) are in a position of power and trust over the athlete or other participant. Except in circumstances where no imbalance of power exists, coaches have this direct supervisory or evaluative control and are in a position of power and trust over those athletes or participants they coach.

   The prohibition on romantic or sexual relationships does not include those relationships where it can be demonstrated that there is no imbalance of power. For example, this prohibition does not apply to a pre-existing relationship between two spouses or life partners. For factors that may be relevant to determining whether an imbalance of power exists, consult the USOC's Athlete Protection Policy.

   (b) Local Operators are not required to prohibit misconduct as specifically categorized above. For example, a Local Operator may prohibit sexual harassment as "harassment," "sexual harassment," or under some other category or definition.

   We recommend that Local Operators define each particular type of misconduct in their athlete safety policies, however, Local Operators are free to use the definitions set forth in the USOC's Athlete Protection Policy, found in the USOC's SafeSport Policies at http://www.teamusa.org/About-the-USOC/Organization/Legal/Governance-Documents.aspx.

2. Criminal Background Checks

   Each Training Site shall require criminal background checks for those individuals it formally authorizes, approves or appoints (a) to a position of authority over, or (b) to have frequent contact with, athletes. For purposes of clarification, a Training Site is considered to formally authorize, approve or appoint an individual in instances where the Training Site has control over the appointment process.

3. Education & Training

   Beginning January 1, 2015 each Training Site shall require education and training concerning the key elements of their safety program for those individuals it formally authorizes, approves or appoints (a) to a position of authority over, or (b) to have frequent contact with, athletes.   Before January 1, 2015 each Training Site shall offer and encourage the same.

4. Reporting

   Each Training Site shall establish a procedure for reporting misconduct.



EXHIBIT 9
009

5. Enforcement

   a. Each Training Site shall have a grievance process, which is materially free of bias and conflicts of interest, to address allegations of misconduct following the report or complaint of misconduct which has not been adjudicated under a criminal background check.

   b. In cases where the Ted Stevens Act applies, each Training Site shall comply with the Act's requirements.

   c. The grievance process, whether by policy or operation of law, shall include the opportunity for review by a disinterested individual or body.

6. Other

   a. These minimum standards may be amended from time to time by the USOC.

   b. In implementing an athlete safety program, Training Sites shall be guided by the principle that supporting the health and safety of its athletes is a key element of its managerial capabilities.

   c. Failure to meet the minimum standards as set forth in this policy may result in disciplinary action by the USOC including, without limitation, the termination of the Training Site Designation.

   d. Exceptions to these minimum standards based on the organizational structure of the Training Site may be granted by the USOC on a case-by-case basis where appropriate, provided that such exceptions do not materially endanger athletes.

## CONTACT INFORMATION

Please contact the Training Sites and Community Partnerships division of the U.S. Olympic Committee for more information:

**Alicia McConnell**
Director, Training Sites and Community Partnerships
1 Olympic Plaza
Colorado Springs, CO 80909
Phone: 719-866-4868
Email: Alicia.mcconnell@usoc.org



EXHIBIT 9
010

## MARKS USAGE EXAMPLES

Apparel



*using USOC's mark as a secondary mark or the primary organization*

Brochure



Business card Composition*





*Training Site with Organization mark*

\* The logo in the example is not to scale



EXHIBIT 9
011



**U.S. OLYMPIC**
TRAINING SITE



**U.S. OLYMPIC**
**AND PARALYMPIC**
TRAINING SITE



**U.S. PARALYMPIC**
TRAINING SITE

Training Sites & Community Partnerships
U.S. Olympic Committee
1 Olympic Plaza
Colorado Springs, CO 80909
719-866-4868   [phone]
719-866-2169   [fax]

**U.S. Olympic Committee Training Sites & Community Partnerships**

v3/12/15/100

EXHIBIT 9
012

# EXHIBIT "10"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION SANTA ANA


| | |
|---|---|
| JANE JD DOE, AN INDIVIDUAL, ) | |
| ) | |
| Plaintiff, ) | CIVIL CASE NO. |
| ) | 8:18-cv-01136-JLS-KES |
| -v- ) | |
| ) | THE HONORABLE |
| ) | JOSEPHINE L. STATON |
| DOE 1, AN INDIVIDUAL; DOE 2, ) | |
| AN INDIANA BUSINESS ENTITY OF) | |
| FORM UNKNOWN; DOE 3, AN ) | |
| INDIVIDUAL; DOE 4, AN ) | |
| INDIVIDUAL; DOE 5, AN ) | |
| INDIVIDUAL; AND DOES 6 ) | |
| THROUGH 500, ) | |
| ) | |
| Defendants. ) | |
| _____) | |


CERTIFICATE OF NOTARY AS TO FAILURE OF

DEPONENT STEVE PENNY

TO APPEAR FOR DEPOSITION



October 23, 2018



10:35 a.m. - 10:45 a.m.

EXHIBIT 10
001

1                    UNITED STATES DISTRICT COURT

2           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

3

4

5     MCKAYLA MARONEY,                )
      an individual,                  )
6                                     )
                   Plaintiff,         )
7                                     )
           -vs-                       ) Case No.:
8                                     ) 2:18:cv-03461-JLS-KESx
                                      )
9     MICHIGAN STATE UNIVERSITY,      ) THE HONORABLE
      a Michigan Entity of Form       ) JOSEPHINE L. STATON
10    Unknown; and UNITED STATES      )
      OLYMPIC COMMITTEE,              )
11    a Business Entity of Form       )
      Unknown; USA GYMNASTICS, an     )
12    Indiana Business Entity of      )
      Form Unknown: LARRY NASSAR,     )
13    an individual and DOES 1        )
      through 500,                    )
14                                    )
                   Defendants.        )
15    _____)

16

17

18

19

20

21

22

23

24

25

                                                                    2

EXHIBIT 10
002

1          UNITED STATES DISTRICT COURT

2       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

3

4    JANE PCNE DOE, an individual; )
     and JOHN PCNM DOE, an         )
5    individual,                   )
                                   )
6             Plaintiffs,          )
                                   )
7        -vs-                      ) Case No.:
                                   ) 2:18-cv-03461-JLS-KES
8                                  )
     USA GYMNASTICS, a Business    ) THE HONORABLE
9    Entity of Form Unknown; and   ) JOSEPHINE L. STATON
     UNITED STATES OLYMPIC         )
10   COMMITTEE, a Business Entity  )
     of Form Unknown; and DOES 3   )
11   through 500,                  )
                                   )
12             Defendants.         )
     _____)

13

14

15

16

17

18

19

20

21

22

23

24

25

**Jilio-Ryan Court Reporters**
**ph. 714.424.9902  info@jilioryan.com**

EXHIBIT 10
003

```
 1                    UNITED STATES DISTRICT COURT

 2            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

 3

 4     JORDYN MARIE WIEBER,           )
       an individual,                 )
 5                                    )
                    Plaintiff,        )
 6                                    )
            -vs-                      ) Case No.:
 7                                    ) 2:18:cv-03462-JLS-KESx
                                      )
 8     UNITED STATES OLYMPIC          ) THE HONORABLE
       COMMITTEE, a Business Entity   ) JOSEPHINE L. STATON
 9     of Form Unknown; USA           )
       GYMNASTICS, an Indiana         )
10     Business Entity of Form        )
       Unknown; Michigan State        )
11     University, a Business Entity  )
       of Form Unknown; LARRY NASSAR,)
12     STEVE PENNY, an individual;    )
       PAUL PARRILLA, an individual; )
13     and DOES 1 through 500,        )
                                      )
14                  Defendants.       )
       _____)
15

16

17

18

19

20

21

22

23

24

25
```

**Jilio-Ryan Court Reporters**
**ph. 714.424.9902  info@jilioryan.com**

EXHIBIT 10
004

1                    UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                    SOUTHERN DIVISION, SANTA ANA

4

5    JANE LM DOE, an individual,    )
                                    )
6                  Plaintiff,       )
                                    )
7          -vs-                     ) Case No.:
                                    ) 8:18:cv:0117-JLS-KES
8    DR. LARRY NASSAR, an           )
     individual; USA GYMNASTICS,    )
9    an Indiana Business Entity of  ) THE HONORABLE
     Form Unknown; ROBERT           ) JOSEPHINE L. STATON
10   COLAROSSI, an individual;      )
     STEPHEN "STEVE" PENNY, an      )
11   individual; BELA KAROLYI,      )
     an individual; MARTHA          )
12   KAROLYI, an individual;        )
     KAROLYI TRAINING CAMPS, LLC,   )
13   a Texas Business Entity of     )
     Form Unknown; KAROLYI WORLD    )
14   GYMNASTICS, INC., a Texas      )
     Business Entity of Form        )
15   Unknown; KAROLYI'S ELITE,      )
     a Texas Business Entity of     )
16   Form Unknown; AOGC ALL         )
     OLYMPIA GYMNASTICS CENTER,     )
17   INC., a California Business    )
     Entity of Form Unknown;        )
18   GALINA MARINOVA; an            )
     individual; ARTUR AKOPYAN, an  )
19   individual; and DOES 1         )
     through 500,                   )
20                                  )
                   Defendants.      )
21   _____)

22

23

24

25

**Jilio-Ryan Court Reporters**
**ph. 714.424.9902  info@jilioryan.com**

EXHIBIT 10
005

```
 1                    UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

 3

 4

      ALEXANDRA ROSE RAISMAN, an      )
 5    individual,                     )
                                      )
 6                   Plaintiff,       )
                                      )
 7           -vs-                     ) Case No.:
                                      ) 5:18-cv-02479-BLF
 8    UNITED STATES OLYMPIC           )
      COMMITTEE, a Business           ) THE HONORABLE
 9    Entity of Form Unknown;         ) BETH LABSON FREEMAN
      USA GYMNASTICS, an Indiana      )
10    Business Entity of Form         )
      Unknown; LARRY NASSAR, an       )
11    individual; STEVE PENNY, an     )
      individual; PAUL PARRILLA,      )
12    an individual; and and DOES 1   )
      through 500,                    )
13                                    )
                     Defendants.      )
14    _____ )

15

16

17

18

19

20

21

22

23

24

25
```

6

**Jilio-Ryan Court Reporters**
**ph. 714.424.9902  info@jilioryan.com**

EXHIBIT 10
006

```
 1                        APPEARANCES

 2

 3     FOR THE PLAINTIFFS: (BY VIDEOCONFERENCE AND TELEPHONE)

 4          Alex E. Cunny, Esq.
            MANLY STEWART FINALDI
 5          19100 Von Karman Avenue
            Suite 800
 6          Irvine, CA 92612
            acunny@manlystewart.com
 7
       FOR THE DEFENDANT:
 8     STEVE PENNY

 9          Edith R. Matthai, Esq.
            ROBIE & MATTHAI
10          500 South Grand Avenue
            15th Floor
11          Los Angeles, CA 90071-2609
            ematthai@romalaw.com
12
       FOR THE DEFENDANT:
13     STEVE PENNY

14          Rusty Hardin, Esq.
            RUSTY HARDIN & ASSOCIATES
15          1401 McKinney Street
            Suite 2250
16          Houston, TX 77010

17
       FOR THE DEFENDANT: (BY TELEPHONE)
18     USA GYMNASTICS, AN INDIANA BUSINESS ENTITY OF FORM
       UNKNOWN; ROBERT COLAROSSI
19
            Margaret M. Holm, Esq.
20          CLYDE & CO
            2020 Main Street
21          Suite 1100
            Irvine, CA 92614-8234
22          margaret.holm@clydeco.us

23

24

25
```

7

EXHIBIT 10
007

```
 1                          INDEX OF EXHIBITS

 2
        NUMBER          DESCRIPTION                          PAGE
 3
        Exhibit 1       AMENDED NOTICE OF TAKING CONTINUED   12
 4                      DEPOSITION OF STEVE PENNY AND
                        REQUEST FOR PRODUCTION IN THE
 5                      LM MATTER

 6      Exhibit 2       AMENDED NOTICE OF TAKING CONTINUED   12
                        DEPOSITION OF STEVE PENNY AND
 7                      REQUEST FOR PRODUCTION IN THE
                        JD MATTER
 8
        Exhibit 3       AMENDED NOTICE OF TAKING CONTINUED   12
 9                      DEPOSITION OF STEVE PENNY AND
                        REQUEST FOR PRODUCTION IN THE
10                      McKAYLA MARONEY MATTER

11      Exhibit 4       AMENDED NOTICE OF TAKING CONTINUED   12
                        DEPOSITION OF STEVE PENNY AND
12                      REQUEST FOR PRODUCTION IN THE
                        PCNE MATTER
13
        Exhibit 5       AMENDED NOTICE OF TAKING CONTINUED   12
14                      DEPOSITION OF STEVE PENNY AND
                        REQUEST FOR PRODUCTION IN THE
15                      RAISMAN MATTER

16      Exhibit 6       AMENDED NOTICE OF TAKING CONTINUED   12
                        DEPOSITION OF STEVE PENNY AND
17                      REQUEST FOR PRODUCTION IN THE
                        WIEBER MATTER
18

19

20

21

22

23

24

25
```

EXHIBIT 10
008

1           MR. CUNNY:  We're on the record.  It's

2     currently 7:35 in California time.  It's 10:35 in

3     Indiana time.  We're here to take a certificate of

4     nonappearance for the deposition of Steve Penny, to

5     occur on October 23, 2018, at 10:00 a.m., at the

6     Regus Business Centers located at

7     201 North Illinois Street, 16th Floor,

8     South Tower, Indianapolis, Indiana, 46204.

9           We're taking a certificate of nonappearance.

10    Mr. Penny is not appearing for this deposition

11    based on the objections of his counsel.  I received

12    written objections last night as to the LM,

13    Raisman, and Wieber matters.  However, Ms. Matthai

14    indicated last Friday, I believe, on the 18th

15    that he would not be appearing for the deposition

16    today.

17          I want to put on the record as Exhibit 1 --

18    and I'll e-mail these to the court reporter.  All

19    counsel have been served with these notices, as to

20    the proofs on the notices.  So Exhibit 1 will be

21    the Amended Notice of Taking Continued Deposition

22    of Steve Penny and Request for Production in the LM

23    matter; the same Notice in the JD matter will be

24    marked as Exhibit 2; the Notice in the

25    McKayla Maroney matter for Steve Penny's deposition

EXHIBIT 10
009

1    will be marked as Exhibit 3; the Notice in the

2    PCNE Doe matter will be marked as Exhibit 4; the

3    Notice in the Raisman matter will be marked as

4    Exhibit 5; and the Notice in the Wieber matter will

5    be marked as Exhibit 6.

6        I was also informed that Mr. Penny will be

7    seeking a stay based on the Fifth Amendment civil

8    stay.  He filed an ex parte application.  Just to

9    put on the record, we believe in addition to the

10   areas regarding the recent criminal charges, we

11   believe there's lots of other discoverable areas

12   that do not pertain to the criminal charges pending

13   against Mr. Penny.  So we will be opposing that

14   stay and seeking responses at his deposition,

15   whether or not he wants to invoke for some of them

16   or not.

17       So with that, I'll turn it over to other

18   counsel who would like to be heard.

19       MS. MATTHAI:  Thank you.  This is

20   Edith Matthai, counsel for Mr. Penny.  As you

21   noted, I advised that Mr. Penny would not appear

22   for his deposition today in light of the charges

23   that have been filed in Texas.  I gave that advice

24   on October 18 at 8:30 a.m. and advised that he

25   would not appear here today.

10

EXHIBIT 10
010

```
 1            Counsel is correct that we have filed an
 2     ex parte application for a stay of the proceedings
 3     as to Mr. Penny in those actions in which he has
 4     been named as a defendant.  We've asked for
 5     six months at this point and advised the Court that
 6     should the Texas issues be resolved before the
 7     expiration of that six-month period, we would, of
 8     course, advise the Court and Counsel.
 9            With that, I would ask that Mr. Hardin, who is
10     Mr. Penny's counsel in Texas, make any statement
11     which he wishes to make for the record.
12            MR. HARDIN:  Yes.  My name is Rusty Hardin,
13     and I'm an attorney licensed to practice in Texas.
14     I was contacted at the end of last week, probably
15     Friday, about whether or not I would be willing to
16     represent Mr. Penny.  I've talked to him over the
17     weekend and I've agreed to representing in the
18     criminal matter that is now pending in
19     Walker County, Texas, in which he's been indicted
20     for a third-degree felony of tampering with
21     evidence.
22            I would hope that rather than taking a
23     nonappearance in this deposition that you would
24     consider simply postponing this deposition until I
25     can become informed with it or not.  It may very
```

11

EXHIBIT 10
011

```
 1       well be that I might have different advice to
 2       Mr. Penny some weeks from now, once we understand
 3       what the case is about.  He was indicted in a
 4       sealed indictment that apparently was returned
 5       September 28.  He did not know that there was a
 6       pending indictment during that period of time, and
 7       when he was arrested this past week in the middle
 8       of the week on vacation with his family in
 9       Tennessee, that was the first he had notice for it.
10       So there would be no opportunity before the middle
11       or end of last week for him to retain counsel, for
12       that counsel to become informed about the facts,
13       and to be able to give him informed advice about a
14       deposition.
15            I respectfully disagree that there are other
16       evidentiary matters he could be questioned about
17       that would not involve Walker County, and
18       therefore, apparently you have some concern or
19       disagreement with him being unwilling to testify at
20       this time.  I would assure you that once we become
21       familiar with the facts, I'll objectively look at
22       it as to how we advise him.  It may very well be
23       advice will remain the same, that until the
24       criminal matter is resolved he will be unavailable
25       for a deposition.  I think anyone can understand
```

12

EXHIBIT 10
012

1      that.

2           For the time being now, all I can advise him

3      is on Tuesday after he was indicted on Wednesday

4      probably, or became aware of one on Wednesday of

5      last week, it is simply premature for him to appear

6      for any deposition in any locale.  I hope that once

7      I become familiar with the case we can give him

8      informed advice, but right now we have asked him

9      not to appear for this deposition.  I'll hope you

10     would recognize that it may be just advantage of

11     everyone to take a pause on seeking his deposition

12     while the cases move forward until he can receive

13     informed advice.

14          MR. CUNNY:  Peggy, do you have anything to put

15     on the record?

16          MS. HOLM:  I don't.

17          MR. CUNNY:  Okay.  I want to make just two

18     other points regarding Mr. Hardin getting up to

19     speed on the case.  One of the issues, obviously we

20     believe Mr. Penny's testimony is going to be

21     relevant not only to Mr. Penny but also to the USOC

22     as to jurisdictional matters but obviously merit

23     matters as well.  So for that reason further delay

24     in his deposition, we have motions to oppose and

25     relevant evidence to get in that respect.  Also, as

13

EXHIBIT 10
013

1    to his invocation of the Fifth Amendment in the

2    civil case, you know, regardless of what happens

3    with the ex parte application to stay the case on

4    Fifth Amendment grounds, he does have to invoke

5    question by question if that stay is not granted.

6        So as to those matters I suppose will be

7    decided within the week, I would assume, but we'll

8    go from there.

9        MR. HARDIN:  I would ask you to consider that

10   I've noticed some comments in the media that

11   there's been criticism of Walker County for not

12   indicting him in more areas and for more bases or

13   so.  I'd like to respectfully suggest to you that

14   to say that you're going to insist on going forward

15   on a deposition so that you can get your

16   Fifth Amendment invocation on something that

17   happened so suddenly on anybody that's been noticed

18   for a deposition, I would hope in a sense of

19   civility that you would simply say, okay, we'll

20   back up and let's wait, this man has been hit with

21   a criminal indictment, he needs to get informed

22   advice, and trying to put him on the spot of

23   thinking about whether or not to take the Fifth now

24   appears to me to be a little unseemly.

25       I would ask for y'all to regather and decide

EXHIBIT 10
014

1    whether you want to reach out to me and talk about

2    another possible date, and at that time, if after

3    when that time arrives my advice to him is not to

4    testify, then at least it will be an informed

5    observation.  I quite frankly don't remember ever

6    an attorney insisting on taking a deposition of

7    somebody six days after he has been indicted.  In

8    fact, I can comfortably say in forty-three years

9    I've never seen it.  If you guys want to proceed

10   that way, then there's nothing I can do about it

11   except inform whichever judges are considering

12   these matters that I think what you're doing is

13   extremely unfair.

14         MR. CUNNY:  Okay.  Well, I have dispositive

15   motions pending from Mr. Penny himself seeking to

16   dismiss this action for which I have oppositions

17   due on November 21.  So I understand what you're

18   saying, but he's trying to get the case dismissed

19   as well.  He's trying to seek affirmative relief on

20   bases which we believe he is indicted for

21   destroying evidence on.  So obviously those two

22   issues are intertwined and, you know, we need to

23   get that information or implications or what have

24   you.

25         So if we could get another deposition on

15

EXHIBIT 10
015

1    calendar before November 16, which would give me

2    just a couple days to get the transcript back to

3    put anything into the opposition I need to, we

4    could work on that.  But if that's not in the

5    cards, then we're going to have to proceed with the

6    Court.

7        MS. MATTHAI:  Obviously if the stay is

8    granted, it will apply to the jurisdictional motion

9    as well as the timing of your opposition to it.  If

10   the issue of the timing of the jurisdictional

11   matter needs to be addressed, we will address it.

12   As you are well aware, this jurisdictional issue

13   has gone on for a very, very long time with

14   multiple continuances for multiple reasons.  Not

15   one sided, I might note.  So to the extent that

16   those issues need to be dealt with, we can deal

17   with those.

18       MR. HARDIN:  I would not be able to do it that

19   quickly just because of other commitments.  Part of

20   my problem here is this has been pending now for a

21   couple of years.  The investigations and everything

22   are something that I knew nothing about, still know

23   nothing about, and it's going to take while to get

24   up to speed with it.  So I'll just reiterate my

25   request that you postpone this deposition and

16

EXHIBIT 10
016

1   reconsider another time, but that's all I can do at

2   this moment.

3        MR. CUNNY:  All right.  Thank you.  We can go

4   off the record, if everybody agrees.

5        MS. MATTHAI:  Yes.

6        MS. HOLM:  Yes.

7        MR. HARDIN:  Yes.

8        MR. CUNNY:  All right.  Thank you.

9        THE REPORTER:  Thank you.

10        (Exhibits 1-6 were marked for identification.)

11

12

13

14

15        WHEREFORE, the undersigned reports said facts

16   to this Court for such action as the Court may deem

17   proper.

18

19

20        Michele K. Gustafson
          NOTARY PUBLIC SEAL
          STATE OF INDIANA
          Commission No. NP0702346
          My Commission Expires Aug. 31, 2025

21

22                     County of Marion

23                     My Commission expires:
                       August 31, 2025

24

25

17

EXHIBIT 10
017

# EXHIBIT "11"

JOHN C. MANLY, Esq. (State Bar No. 149080)
VINCE W. FINALDI, Esq. (State Bar No. 238279)
ALEX E. CUNNY (State Bar No. 291567)
JANE E. REILLEY (State Bar No. 314766)
**MANLY, STEWART & FINALDI**
19100 Von Karman Ave., Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990
Fax: (949) 252-9991

Attorneys for Plaintiff, MCKAYLA MARONEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MCKAYLA MARONEY, an individual.<br><br>Plaintiff,<br><br>v.<br><br>MICHIGAN STATE UNIVERSITY, a Michigan Entity of Form Unknown; and UNITED STATES OLYMPIC COMMITTEE, a Business Entity of form unknown; USA GYMNASTICS, an Indiana Business Entity of Form Unknown; LARRY NASSAR, an individual and DOES 1 through 500.<br><br>Defendants. | Civil Case No. 2:18:cv-03461-JLS-KESx<br><br>[The Honorable Josephine L Staton]<br><br>**ORDER CONTINUING HEARING AND BRIEFING SCHEDULE ON DEFENDANT USOC'S 12(b) MOTION (DOC. 27)**<br><br>Complaint filed: December 20, 2017<br>Judge:        Honorable Karen E. Scott<br>Courtroom:  6D |

## ORDER

The Parties having stipulated, and good cause appearing, **IT IS HEREBY ORDERED** that:

//

//

//

//

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**1**
~~[PROPOSED] ORDER CONTINUING HEARING AND BRIEFING SCHEDULE ON DEFENDANT USOC'S *FRCP* 12(b) MOTION~~

EXHIBIT 11
001

1. Plaintiff's Opposition to Defendant USOC's Motion to Dismiss (Pursuant to *FRCP* 12(b)) will be filed no later than <u>November 21, 2018</u>;

2. Defendant USOC's Reply Brief in support of their Motion to Dismiss (Pursuant to *FRCP* 12(b)) will be filed no later than <u>January 18, 2019</u>;

3. The hearing on Defendant USOC's Motion to Dismiss (Pursuant to *FRCP* 12(b)) <u>shall be continued to February 1, 2019 at 10: 30 a.m.</u>

**IT IS SO ORDERED.**

Date: October 5, 2018

<u>JOSEPHINE L. STATON</u>

Hon. Josephine L. Staton
United States District Judge

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**[PROPOSED] ORDER CONTINUING HEARING AND BRIEFING SCHEDULE ON DEFENDANT USOC'S *FRCP* 12(b) MOTION**

## __CERTIFICATE OF SERVICE__

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Manly, Stewart & Finaldi, 19100 Von Karman Ave., Suite 800, Irvine, CA 92612.

On November 2, 2018, I served the within documents:

1) NOTICE OF PLAINTIFF MCKAYLA MARONEY'S EX PARTE APPLICATION FOR AN ORDER ADVANCING PLAINTIFF'S DISCOVERY MOTION TO COMPEL DEPOSITION OF STEVE PENNY; MEMORANDUM OF POINTS AND AUTHORITIES; (2) DECLARATION OF ALEX E. CUNNY IN SUPPORT OF PLAINTIFF MCKAYLA MARONEY'S EX PARTE APPLICATION FOR AN ORDER ADVANCING PLAINTIFF'S DISCOVERY MOTION TO COMPEL DEPOSITION OF STEVE PENNY; (3) [PROPOSED] ORDER GRANTING PLAINTIFF MCKAYLA MARONEY'S EX PARTE APPLICATION FOR AN ORDER ADVANCING PLAINTIFF'S DISCOVERY MOTION TO COMPEL DEPOSITION OF STEVE PENNY

ELECTRONIC - As addressed to all parties appearing on the Court's ECF service list in this action via the Central District of California's Court's CM/ECF system, and shall be available for viewing and downloading from the ECF system.

FEDERAL - I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on November 2, 2018, at Irvine, California.

      /s/ Kathy Frederiksen
      Kathy Frederiksen

SERVICE LIST
McKayla Maroney v. Michigan State University, et al.
USDC, Case No. 2:18-cv-03461-CAS-AFM


Kevin James Minnick
Skadden Arps Slate Meagher and Flom LLP
300 South Grand Avenue Suite 3400
Los Angeles, CA 90071
213-687-5000
Fax: 213-687-5600
Email: kevin.minnick@skadden.com
Attorneys for Defendant MICHIGAN STATE UNIVERSITY

Mitchell A. Kamin
mkamin@cov.com
Carolyn Kubota
ckubota@cov.com
Mark Y. Chen
mchen@cov.com
Paulina Slagter
pslagter@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749
Attorneys for Defendant United States Olympic Committee

Udit Sood
Covington and Burling LLP
One Front Street 35th Floor
San Francisco, CA 94111-5356
415-591-6000
Fax: 415-591-6091
Email: usood@cov.com
Attorneys for Defendant United States Olympic Committee

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Margaret M. Holm
Sheryl M Rosenberg
Melissa McKenna Leos
Clyde & Co US LLP
2020 Main Street
Suite 1100
Irvine, CA 92614-8234
(949) 567-7838 (Direct)
(714) 322-5578 (Cell)
margaret.holm@clydeco.us
sheryl.rosenberg@clydeco.us
melissa.leos@clydeco.us
Attorneys for Defendants USA GYMNASTICS, an Indiana business entity of form unknown

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990